■ MODERN FOLDING CARTON CORP., Appellant, v. LADDIE BOY DOG FOOD, INC., Formerly Known as ATLAS CANNING CO., INC., Respondent.— In an action to recover for goods manufactured for, sold and delivered to respondent (first and second causes of action) and for cancellation of a credit memorandum on the ground of fraud and for damages therefor (third and fourth causes of action), the appeal is from so much of a judgment as dismissed the first, third and fourth causes of action and limited appellant's recovery on the second cause of action by a setoff. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ HARRY G. MORROW, Respondent, v. DOMINICK G. CONSTANTINO, Appellant.— In an action by a vendee for specific performance of a contract for the sale of real property, the appeal is from a judgment entered after trial directing appellant to specifically perform. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ EDWIN MORTENSON et al., Respondents, v. NOAH CHOOK, Doing Business as EAST END CLEANERS, et al., Defendants, and FULTON FIRE INSURANCE COMPANY OF NEW YORK, Appellant.—In an action to recover damages for injuries to two coats, caused by fire, against the bailee with whom the coats were stored, and his insurance carrier, the carrier appeals from so much of an order of the County Court, Nassau County, as affirmed an order of the City Court of Long Beach, denying its motion for summary judgment dismissing the amended complaint as to it. The motion was made on the ground that the policy provided that "No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim." Respondents claim that they did not see the policy nor know the name of the insurance carrier, and were not aware of the 12-month period of limitation within one year after the fire. Respondents instituted their action against the defendant bailee within one year after the fire. Order insofar as appealed from unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.